UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KHALID M. HASHMI,<br>　　　　Plaintiff,<br><br>v.<br><br>JOANNAH QUINN and<br>GERALD MCDONOUGH,<br>　　　　Defendants. | )<br>)<br>)<br>)　Civil Action No. 4:12-cv-40048-TSH<br>)<br>)<br>)<br>)<br>) |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
September 17 2012

**HILLMAN, D.J.,**

### Introduction

On April 18, 2012, Khalid M. Hashmi ("Mr. Hashmi"), proceeding *pro se*, filed a Complaint against Joannah Quinn and Gerald McDonough ("Defendants") alleging employment discrimination in violation of Title I of the Americans with Disabilities Act ("ADA") (Docket. No. 1). On July 31, 2012, Defendants filed their Motion to Dismiss (Docket No. 10). This motion is unopposed by Mr. Hashmi. For the reasons set forth below, Defendants' motion is **GRANTED**.

### Background

Mr. Hashmi began working for the Massachusetts State Auditor as a Field Auditor on February 9, 1998. Plaintiff's Statement Before Federal Court ¶ 11 ("Pl.'s Attach."), ECF No. 1-1. Mr. Hashmi is deaf. *Id*. ¶ 1. In 2006, he was promoted to Senior Field Auditor. *Id.* ¶ 21. Defendants were Mr. Hashmi's superiors and "entered into a contract" with Mr. Hashmi to review his personnel file to determine "whether to retain[] him or [lay] off him" Compl. ¶ 5.

After thirteen years of service, Mr. Hashmi's employment was terminated on May 5, 2011 due to an "adverse assessment review". *Id.* ¶ 7.

Mr. Hashmi challenged his termination and filed a grievance with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated because of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). Compl. ¶ 8-9. On January 31, 2012, the EEOC informed Mr. Hashmi that it found "insufficient evidence" of any discriminatory animus used in deciding his termination and would not be taking further administrative action on his behalf by dismissing his claim.[1] Letter from Robert L. Sanders to Khalid Hashmi (Jan. 31, 2012), ECF. No. 1-1. Mr. Hashmi has brought suit against Defendants for a "clear violation and abuse of ADA Laws". Compl. ¶ 9. Although the Complaint lists Defendants in the caption as individuals, the text of the Complaint refers to Defendants as "resident[s] of the Auditor of the Commonwealth of Massachusetts." Compl. ¶ 2-3. Therefore, this Court concludes that Plaintiff is suing Defendants in their "official capacity" as employees of the Commonwealth of Massachusetts

### Standard of Review

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must evince the requisite factual detail to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The court is obligated to accept all of plaintiff's alleged facts as true, however, plaintiff still carries the burden of demonstrating for the court an area of law that entitles plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

---

[1] The EEOC investigation found that two other Senior Field Auditors, without disabilities and with lower peer review assessment scores than Mr. Hashmi, were also laid off. Letter from Robert L. Sanders to Khalid Hashmi (Jan. 31, 2012), ECF. No. 1-1.

**Discussion**

Plainly, Mr. Hashmi cannot bring this suit in federal court. Because he sues Defendants in their official capacities as employees of the Massachusetts State Auditor, he has effectively brought suit against the Commonwealth itself. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984) (extending Eleventh Amendment protection to states' "agencies [and] departments"); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) (noting that states need not be named defendants in a lawsuit in order to claim Eleventh Amendment protection). Moreover, even if Mr. Hashmi brought this suit against Defendants in their individual capacity, the First Circuit has recently held that Title I of the ADA does not permit a private cause action against individual defendants. *See Roman-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011) (affirming a motion to dismiss).

The text of the Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, private litigants' claims for monetary or equitable relief filed in federal court against states are generally prevented by "sovereign immunity". *See Papasan v. Allain*, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939 (1986). This immunity also protects states from suits filed by their own citizens in federal court. *See Emps. of Dept. of Pub. Health and Welfare, Mo. v. Dept. of Pub. Health and Welfare, Mo.*, 411 U.S. 279, 280, 93 S. Ct. 1614, 1616 (1973).

There are, however, two ways in which a state will not be immune to suit in federal court: either by expressly consenting to the lawsuit or Congress exercising its right to abrogate the states' sovereign immunity by statute. *See Torres-Alamo v. P.R.*, 502 F.3d 20, 24 (1st Cir. 2007)

(noting that when Congress abrogates sovereign immunity, it must "unequivocally intend[] to do so and act[] pursuant to a valid grant of constitutional authority" ) (internal quotations omitted). With respect to the latter, while Congress has abrogated sovereign immunity to some parts of the ADA, it has declined to do so with the section that specifically covers Mr. Hashmi's claim. *See, e.g.*, *Toledo v. Sanchez*, 454 F.3d 24, 30 (1st Cir. 2006) (holding that Congress had abrogated sovereign immunity protection with respect to the "right of access to public education" under Title II of the ADA). Mr. Hashmi's employment discrimination claim falls under Title I of the ADA and the Supreme Court has held that sovereign liability under this section has not been abrogated by Congress. *See* Americans with Disabilities Act of 1990 §§ 101-08, 42 U.S.C. § 12111 (1990); *Bd. Of Trustees of Univ. of Ala. v.* Garrett, 531 U.S. 356, 374 n.9, 121 S. Ct. 955, 968 (2001); *Torres-Alamo*, 502 F.3d at 24. Therefore, unless and until Congress dictates otherwise, Mr. Hashmi's claim is barred.

## Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (Docket No. 10) is **GRANTED**.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**United States District Judge**